IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EUDALDO NAVARRO, :
:
    Petitioner, :
:
v. : Civil Action No. 19-74-RGA
:
KOLAWOLE AKINBAYO, :
Warden, and ATTORNEY :
GENERAL OF THE STATE OF :
DELAWARE, :
:
    Respondents. :

## MEMORANDUM

Presently pending before the Court is Petitioner Eudaldo Navarro's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (D.I. 1) Petitioner, convicted on August 6, 2018 for second degree kidnapping, aggravated menacing, and second degree conspiracy, contends that he should be released on his own recognizance while awaiting his sentencing hearing that was scheduled for March 15, 2019. (D.I. 1 at 1) He argues that he is "currently serving dead time while awaiting [his] sentencing," because there is a "strong likelihood that [he] will be released to the custody of probation" when sentenced. (D.I. 1 at Ground Two) He also complains that there is no minimum mandatory time for the crimes for which he was convicted. (D.I. 1 at Ground One)

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A district court can entertain a habeas petition on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," and only if the

relief sought is either immediate release or speedier release. 28 U.S.C. § 2254(a); *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), *overruled on other grounds by Heck v. Humphrey*, 512 U.S. 477, 482 (1994)). In turn, a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider the claims on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

After reviewing the Petition, the Court concludes that summary dismissal is appropriate. First, Claim One's argument regarding the absence of a mandatory minimum sentence is both premature and unexhausted because Petitioner asserted it prior to being sentenced and/or appealing. Even if Petitioner has been sentenced during the pendency of the instant Petition, Claim One is still unexhausted, because Petitioner did not present the Claim to the Delaware Supreme Court. Second, Petitioner is not entitled to relief for Claim Two, either because it has been rendered moot by Petitioner's sentencing[1] or, if Petitioner has not yet been sentenced, because it is an unexhausted claim that concerns a matter for the Delaware state courts to decide. In addition, as presented, Claim Two does not assert an issue cognizable on federal habeas review because Petitioner does not assert that his custody violates the Constitution or laws or

---

[1] Federal courts lack jurisdiction to decide an issue that does not present a live case or controversy. *See Spencer v. Kemma*, 523 U.S. 1, 7 (1998). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). If Petitioner has been sentenced, Claim One is moot, because he cannot be released on his own recognizance pending a sentencing hearing that has already occurred.

treaties of the United States. Rather, he merely asks to be released on his own recognizance to avoid serving what he calls "dead time."

Given these reasons, the Court will summarily dismiss Petitioner's § 2254 Petition without prejudice. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: May 8, 2019

Richard G. Andrews
UNITED STATES DISTRICT JUDGE